UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

(Rev. 04/2005) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: _____

Larry Barnard 191636
Tomoka Corr. Inst.
3950 Tiger Bay Rd
Daytona Beach, FL 32124

FILED by _____ D.C.
JUN 25 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

(Enter above the full name of the plaintiff or plaintiffs in this action.)

v.

William J. Churchwell, warden
Kenneth S. Tucker, Secretary, FL DOC
and
Pamela Bondi, FL AG

(Enter above the full name of the defendant or defendants in this action.)

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Instructions for Filing:

This packet includes four copies of the complaint form and two copies of the Application to Proceed without Prepayment of Fees and Affidavit. To start an action you must file an original and one copy of your complaint for the court and one copy for each defendant you name. For example, if you name two defendants, you must file the original and three copies of the complaint (a total of four) with the court. Your should also keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original.

Your complaint must be legibly handwritten or typewritten. Please do not use pencil to complete these forms. The plaintiff or plaintiffs must sign and swear to the complaint. If you need additional space to answer a question, use a additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

There is a filing fee of $250.00 for this complaint to be filed. If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis.

cat / div 1983/550/MIA
Case # _____
Judge _____ Mag. PAW
Motn Ifp Yes   Fee pd $ 0
Receipt # _____

Page 1 of 5

FD-0017

(Rev. 04/2005) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

  Two blank Applications to Proceed without Prepayment of Fees and Affidavit for this purpose are included in this packet. Both should be completed and filed with your complaint.

  In addition, if the Judge directs the U.S. Marshal to serve the summons and complaint to teach defendant, the United States Marshal will require you to pay for the costs of this service.

  You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

  When these forms are completed, mail the original and the copies to the Clerk's Office of the United States District Court, Southern District of Florida, 301 North Miami Avenue, Miami, Florida 33128-7788.

I.  Previous Lawsuits

  A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

                    Yes ( )   No (✓)

  B.  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit describe the additional lawsuits on another piece of paper, using the same outline.)

    1.  Parties to this previous lawsuit

      Plaintiffs: _____

      _____

      Defendants: _____

      _____

    2.  Court (if federal court, name the district; if state court, name the county): _____

      _____

    3.  Case Number: _____

    4.  Name of Judge to whom case was assigned: _____

      _____

    5.  Disposition (for example: Was the case dismissed?; Was it appealed?; Is it still pending?):

      _____

    6.  Approximate date of filing lawsuit: _____

    7.  Approximate date of disposition: _____

FD-0017

(Rev. 04/2005) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

II.  Place of present confinement: TOMOKA Corr. Institution, 3950 Tiger Bay Rd, Daytona Beach, FL 32124

   A. Is there a prisoner grievance procedure in this institution?  Yes (✓)   No ( )

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?  Yes (✓)   No ( )

   C. If your answer is YES:
      1. What steps did you take? full compliance w/ FL DOC administrative remedy process (grievance procedure)
      2. What was the result? NON-compliance; FL DOC will NOT accept responsibility

   D. If your answer is NO, explain why not: _____

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

   A. Name of plaintiff: Amy Bernard, 191634
      Address: c/o TOMOKA Corr. Institution, 3950 Tiger Bay Road, Daytona Beach, FL 32124

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

   B. Defendant William Churchwell
      is employed as Warden
      at FL DOC

Page 3 of 5

FD-0017

(Rev. 04/2005) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

C. Additional Defendants: Kenneth S. Tucker, Secretary, FL DOC c/o FL AG, PL01, The Capitol, Tallahassee, FL 32399 and Pamela J. Bondi, FL AG (same address) - secondary address: FL DOC, 501 S. Calhoun St, Tallahassee, FL 32399.

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places.

Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach an additional blank page if necessary.)

Petitioner asserts that his 5th & 14th US Amendment rights were violated, inasmuch causing grave harm to Mr. Barnard. Such did transpire during the disciplinary process, and such has continued to plague the Petitioner (- all exhibits from compliance w/ grievance process attached.)

On May 19, 2010, Sgt. Lujones and c/o Goodwin at Dade CI did conduct a search of A-Dorm; which did find a cell phone in the pipe chase. [FYI: Dade CI is located at 19000 SW 377th St, FL City, FL 33034.] Without proper due process, the Petitioner was charged with an institutional infraction [3-14; possession of cell phone] and was placed under investigation, which ended 6/8/2010. The Petitioner asserts a denial of 5th & 14th Amendment Rights as the FL DOC maliciously defined all information surrounding said event and the ensuing investigation. All documents attached [appendix to form] give rise to a deliberate intent to cause unpaired harm. Such misintent did prompt DR hearing on 6/22/10 where the material evidence (and, critical to the P's defense) was never produced. If such were produced, then the DR would've been dismissed NOT convicted on. Appeal filed on 7/1/10 w/ in time and such was deliberately interfered with. Due process violations at it's best!

Page 4 of 5

FD-0017

(Rev. 04/2005) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

V. Relief

State briefly exactly what you want the court to do so for you. Make no legal arguments. Cite no cases or statutes.

Equitable relief in the form of monetary recompense of $249K for willful and deliberate Due Process Violations and for the FL DOC failure to properly address the issues contained herein.

[A much more detailed picture will be portrayed in subsequent filings.]

Signed this 21st day of Jan, 20 12.

_____
(Signature of plaintiff or plaintiffs)

I declare under penalty of perjury that the foregoing is true and correct. Executed on Jan 21, 2012

_____
(Signature of plaintiff)

Page 5 of 5

FD-0017

## Appendix of Exhibits

A — Charging Disciplinary Report

B — Formal Grievance 1007-463-003

C — Denial on 1007-463-003

D — Subsequent F.G. 1007-463-026

E — Denial on 1007-463-026

F — Grievance 1007-463-104

G — Denial on 1007-463-104

H — 1 GR AW 10-08-054 w/response

FLORIDA DEPARTMENT OF CORRECTIONS
CHARGING DISCIPLINARY REPORT
LOG # 463-100743

ISS0150 (01)

| | | | |
|---|---|---|---|
| DC#: 191636 | INMATE NAME: BARNARD, GARY | | INFRACTION |
| VIOLATION CODE: 0314 | TITLE: POS CELL/WIRELESS DV | | DATE: 05/19/10 |
| FACILITY CODE: 463 | NAME: DADE C.I. | | TIME: 13:20 |

I. STATEMENT OF FACTS

ON WEDNESDAY, MAY 19, 2010, AT APPROXIMATELY 13:20 P.M., WHILE ASSIGNED AS HOTEL DORMITORY SUPERVISOR, I CONDUCTED A SEARCH OF ALPHA DORMITORY WING ONE WITH OFFICER GOODWIN. I FOUND INSIDE THE PIPE CHASE A LOTION BOTTLE WHICH HAD A BLACK METRO PCS CELL PHONE. AT APPROXIMATELY 14:50 P.M., THE CELL PHONE RANG AND I ANSWERED IT. A WOMAN STATED, "WHO IS THIS? LET ME SPEAK TO THE OWNER OF THIS PHONE." I STATED THERE ARE TWO OWNERS WHICH ONE WOULD YOU LIKE TO SPEAK TO? THE WOMAN RESPONDED, "MY HUSBAND GARY BARNARD." THE NUMBER SHE CALLED FROM WAS (786) 663-7028. INMATE BARNARD, GARY DC# 191636 WHO WAS ASSIGNED TO A1107L WAS PLACED UNDER INVESTIGATION. THE INVESTIGATION ENDED ON JUNE 8, 2010. INMATE BARNARD, GARY DC# 191636 IS BEING CHARGED WITH 3-14, POSSESSION OR USE OF A CELLULAR TELEPHONE OR ANY OTHER WIRELESS DEVICE. THE SHIFT OFFICER IN CHARGE AUTHORIZED THE WRITING OF THIS REPORT.

REPORT WRITTEN: 06/08/10, AT 15:40     BY: LS03 - LAJINESS, SHAWN

II. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 6/11/10, AT 12:02pm

NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE 33-601, FLORIDA ADMINISTRATIVE CODE.

DELIVERED BY: ws143 - _____

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED CONDUCT, YOU ARE ADVISED THE FOLLOWING:

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT. DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS. SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND TO P___ ___E INFORMATION RELATING TO THE INVESTIGATION.

06/11/2010     PAGE: 1

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

1007-463-003

☐ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: Barnard, Gary   F191636   ___
Last   First   Middle Initial   Number   Institution

5A

Page 1 of 3

Part A – Inmate Grievance

As it relates to Disciplinary Report (D.R.) Log # 463-100743, Appellant submits that based on the fact that the "Statement of Facts" [] No supports the violation of 3-14, Possession or Use of a cellular telephone or any other wireless device, the D.R. Team's finding of guilt should be Reversed and removed from Appellant's inmate files, and restore forfeited 180 days gain time loss. In support thereof, Appellant states the following:

1.) At the outset, Appellant was housed in Alpha Dorm (an Open Bay Dormitory), in bunk A1-107-Lower. Sgt. Lajiness, Shawn, allegedly found a "lotion bottle" which contained a "Black Metro PCS Cellular telephone," within the "Pipe Chase," located within Bathroom Area of Alpha 1 Dormitory (a "COMMON AREA" for the use of 72 other inmates). See Broussard v. Johnson, 253 F.3d 874 (5th Cir. 2001)(evidence that contraband was found in kitchen area accessible to approximately 100 other inmates not sufficient).

2.) Assuming arguendo, that at the time Sgt. Lajiness found the "cellular telephone" in question, said cellular telephone was in "OFF" mode, it's likely Sgt. Lajiness apparently "pressed" the appropriate button on said cellular telephone to activate the "ON" mode.

3.) Moreover, if a call came through said cellular telephone at 1450 hrs. on May 19th, 2010, from (786)663-7028, the "INCOMING Call Log, on the cellular telephone in question, would indeed/undoubtedly support Sgt. Lajiness' allegations, that a woman

Continued On Next Page

DATE   SIGNATURE OF GRIEVANT

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30 DAY EXTENSIONS:

CONTINUATION                          Page 2 of 3
   Appeal

Barnard, Gary      # 191636      Dade C.I.


alleged, "My husband, Gary Barnard, to be one of the owners of the cellular telephone in question."2.

4.) During the investigation of D.R. Log # 463-100743 Appellant requested the "Physical Evidence" of the cellular telephone in question, so that the "INCOMING CALL LOG" of said cellular telephone in question could verify;
   a) Whether a call from (786) 663-7028 did indeed come in on May 19th, 2010, at 1450 hrs; or

   b) Whether Sgt. Lajiness "Falsified" statement of facts within D.R. Log # 463-100743.

5.) However, in D.R. Hearing for D.R. Log # 463-100743, when Appellant asked the D.R. Team, "Did you check the "Incoming Call Log" on the cellular telephone in question?"; the D.R. Team responded that; "The cellular telephone in question is 'LOCKED' or either OFF, and that they're unable to retrieve said evidence." See Plymel v. Moore, 770 So.2d 242 (Fla. 2000) (...withholding such information constitutes denial of due process).

Continued on Next Page

CONTINUATION       Page 3 of 3
Appeal

Barnard, Gary   #191636        Dade C.I.

6.) Hence, in light of the foregoing arguments and Facts, Appellant submits that "if the cellular telephone in question was either 'LOCKED or OFF, as alleged by the D.R. Team, it is virtually impossible, and very unlikely that a call came through the cellular telephone in question on May 19th, 2010, at 1450 hrs. from (786) 663-7028, as alleged by Sgt. Lajiness, within the Statement of Facts within D.R. Log# 463-100743.'" As such, the Statement of Facts "Do Not" support 3-14, Possession or Use of a Cellular telephone or any other wireless device.

Reversal is therefore warranted in the cause at issue.

7/2/10                    Gary Barnard #191636
Date                      Signature of Grievant & DC#

---

1. There's absolutely NO standing physical evidence that the cellular telephone at issue, was activated for use, with Metro PCS Wireless Company, on May 19th, 2010, at 1450 hrs.
2. Geneva Barnard's "Witness Statements" REFUTES "Statement of Facts," and Supports Appellant's argument

JUL 09 2010

## PART B - RESPONSE

| BARNARD, GARY | 191636 | 1007-463-003 | DADE C.I. | F2218L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Inmate Barnard, you are currently out of time frame to appeal your disciplinary report. Be advised you only have 15 days from your disciplinary hearing.
Based on the foregoing your grievance has been DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303, completing the form and forwarding it with all attachments to the Office of the Inmate Grievance Administrator, 2601 Blair Stone Road, Tallahassee, FL, 32399-2500. If you do appeal, take the form and attachments to the mailroom for receipting

_____
SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

_____
SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

7-8-10
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

1007·463·026

Received Asst. Warden's Office
JUL 06 2010

☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

Barnard, Gary 191636 Dade
Dade Correctional Institution

**2)**

Pursuant to Chpt. 33-601.308(4)(L), it's held; "If a inmate has been placed in administrative confinement pending a disciplinary hearing and the team subsequently recommends a term of disciplinary confinement, the disciplinary team SHALL consider the time served in administrative confinement in determining the total number of days of recommended disciplinary confinement." In the Disciplinary Hearing for D.R. Log #463-100743, the D.R. Team recommended sixty (60) days disciplinary confinement for Appellant. According to D.R. Team; "Administrative confinement time was considered, but not given by the Team."

NOTE: From May 19th, 2010, until June 22nd, 2010, the date of D.R. Hearing for D.R. Log #463-100743, Appellant was in Administrative Confinement status... approximately thirty five (35) days... minus two (2) days Appellant was housed in S.H.U. from June 15-16, 2010.

Appellant thus submits that eventhough the D.R. Team alleged to have considered the thirty-five (35) days Appellant was at administrative confinement status, the D.R. Team failed to document its reasons for denying Appellant's time served in administrative confinement... and thus overlooked the word "SHALL."

July 6th, 2010

Gary Barnard #191636

JUL 0 9 2010

E

## PART B - RESPONSE

| BARNARD, GARY | 191636 | 1007-463-026 | DADE C.I. | F2218L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Inmate Barnard, you are currently out of time frame to appeal your disciplinary report. Be advised you only have 15 days from your disciplinary hearing.
Based on the foregoing your grievance has been DENIED.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC1-303, completing the form and forwarding it with all attachments to the Office of the Inmate Grievance Administrator, 2601 Blair Stone Road, Tallahassee, FL, 32399-2500. If you do appeal, take the form and attachments to the mailroom for receipting

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

7-8-10
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

A0010-0805-1

Mail Number: _____
Team Number: 6
Institution: Dade C.I.

TO: (Check One)
- [ ] Warden
- [x] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [ ] Other ____  H

FROM:
- Inmate Name: Barnard, Gary
- DC Number: 191636
- Quarters: F2-212-L
- Job Assignment: ____
- Date: 8/4/10

## REQUEST

Check here if this is an informal grievance [x]

This INFORMAL GRIEVANCE is centered upon the FACT that the Disciplinary Hearing for D.R. Log #463-100743, was held (with this Grievant being personally present) on the morning hours of June 22nd, 2010. Someone has deliberately sabotaged my "APPEAL" by "FALSIFYING" classification internal information in the Database to reflect 6/15 at 3:00 pm to be the date and time Disciplinary Hearing #463-100743 to have been held, with this Grievant not being personally present. Grievant submits the information in the database to be "Incorrect!" At the time Grievant was "Admitted" on June 15th, 2010, in Medical under "S.H.O.S." at approximately 5:00 a.m. and remained there until June 16th, 2010 (late in the evening). Due Process...

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Received Asst. Warden's Office

---

DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED: AUG 05 2010

Dade Correctional Institution

~~Your informal grievance has been received and reviewed.~~
~~Please specify what remedy it is that you are seeking.~~

**Grievance RETURNED**

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _returned_. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _[signature]_ A. H. Jerrison   Date: 8/10/2010

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)
Incorporated by Reference in Rule 33-103.019, F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

1007-463-104       JUL 15 2010

Received Asst. Warden's Office

TO: [✓] Warden    [ ] Assistant Warden    [ ] Secretary, Florida Department of Corrections

From: Barnard, Gary    177636    Dade Correctional Institution

Last    First    Middle Initial    Number    Institution

10

---

Part A – Inmate Grievance

Appellant maintains the "factual allegations" as posed in his "INFORMAL GRIEVANCE," attached hereto, and thus seeks review of the "erroneous denial" of such, issued July 12th, 2010. In support thereof, Appellant states the following:

1.) Appellant does not challenge the fact that he has been Been in confinement since May 14th, 2010. However, Appellant's thrust of his Grievance is centered on the fact that "While he was at Administrative Confinement Status on the night of June 14th, 2010, he was taken to Medical Department due to an attempt to take his own life."

2.) Assistant Warden L.H. Severson responded that; "A review of the data base 'does not indicate you being housed in SHOS on the dates you mentioned.'" [See Attachment]

3.) Appellant submits that "Respectfully," if the Honorable Assistant Warden L.H. Severson's response is indeed correct, then it's apparent from said response, that whomever was responsible for inputting inmate's status into the data base, has either (a) failed in their duties; or (b) deleted classified Departmental information, as a means to "COVER UP" the "THEFT" of Appellant's "Gold Link Necklace with Two (2) sided Gold Medallion."

4.) As such, Appellant is Denied "Due Process" as a result of the "THEFT" of his Personal Property, due to the data base FAILURE to denote Appellant's SHOS status, from June 15, 2010, through June 16, 2010.

July 5th, 2010
DATE

Gary Barnard #177636
SIGNATURE OF GRIEVANT AND D.C.#

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___
                                                                              #    Signature

AUG 0 3 2010

G

## PART B - RESPONSE

| BARNARD, GARY | 191636 | 1007-463-104 | DADE C.I. | F2218L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your formal grievance has been received and reviewed. It has been determined that there was negligence in the handling of chain and medallion and you will be reimbursed for those items.

Based on the forgoing response your grievance has been APPROVED.

_____     _____M Churchwell_____     __8-2-10__
SIGNATURE AND TYPED OR PRINTED NAME       SIGNATURE OF WARDEN, ASST. WARDEN, OR       DATE
OF EMPLOYEE RESPONDING                    SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

